# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

OK-GU PARK, Plaintiff,

v.

PHILIP KAPLAN (CEO of DistroKid), DISTROKID, INC., and PK INTERACTIVE LLC, Defendants.

Case No.: 1:25-cv-09818-VSB

---

## FIRST AMENDED COMPLAINT

Plaintiff, Ok-Gu Park, appearing *pro se*, brings this First Amended Complaint against Defendants **Philip Kaplan, DistroKid, Inc., and PK Interactive LLC**, alleging as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).
2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Defendants conduct substantial business within the Southern District of New York and the causes of action arose in part within this District.

## II. PARTIES

3. Plaintiff **Ok-Gu Park** is an individual and a creator of AI-generated music specializing in 1970s-80s Korean Trot music.

4. Defendant **Philip Kaplan** is the CEO of DistroKid and is sued in both his personal and professional capacity.

5. Defendants **DistroKid, Inc.** and **PK Interactive LLC** (collectively, "DistroKid Defendants") are digital music distribution entities and are the primary Defendants in this action.

6. **Google (YouTube)** and **Spotify** are identified as **Third-Party Platforms** that host the infringing content distributed by the Defendants. They are not named as defendants but are subject to the Court's discovery and injunctive orders.

## III. FACTUAL ALLEGATIONS

7. Plaintiff is the rightful owner of 163+ original tracks identified in Exhibit T.

8. Defendants have engaged in a "Piracy Enterprise," concealing Plaintiff's works within a pool of over **20,000 unauthorized files** to generate illicit royalties.

9. Evidence of Collusion: On or about January 2026, within **37 minutes** of Plaintiff serving legal notice to DistroKid, Defendant Philip Kaplan's office leaked confidential legal information to the infringers, resulting in direct intimidation of the Plaintiff.

10. Financial Exploitation: DistroKid has intentionally sabotaged Plaintiff's account by marking legitimate tracks as "Deleted Releases" while continuing to collect "Annual Subscription" fees from the Plaintiff. (See Exhibit P).

## IV. CAUSES OF ACTION

COUNT I: Direct and Vicarious Copyright Infringement (17 U.S.C. § 501)

**COUNT II:** Civil RICO (18 U.S.C. § 1962) – Operating a coordinated criminal enterprise.

**COUNT III:** Conversion – Unauthorized control over Plaintiff's digital assets and royalties.

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Issue an Order for the **Transfer of Ownership** of all 15+ identified YouTube channels and DistroKid accounts (listed in **Exhibit U**) to the Plaintiff, rather than termination, to preserve accumulated assets.
2. Grant an **Emergency Asset Freeze** on all accounts controlled by PK Interactive and Philip Kaplan related to the infringing works.
3. Order **Expedited Discovery** compelling the disclosure of IP access logs and tax identities (W-8/W-9) of all associates.
4. Award statutory damages, lost profits, and any further relief the Court deems just.

**Date:** February 4, 2026

**Respectfully Submitted,**

(Signature)

**Ok-Gu Park, Plaintiff Pro Se**

Email: boringgrout@naver.com

78,5f Dodang-ro 27-gil, Dobong-gu, Seoul   01349

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

OK-GU PARK, Plaintiff,

v.

PHILIP KAPLAN, et al., Defendants.

Case No.: 1:25-cv-09818-VSB

---

## EMERGENCY MOTION FOR PRELIMINARY INJUNCTION, ASSET FREEZE, AND TRANSFER OF OWNERSHIP

Plaintiff Ok-Gu Park moves this Court for an **Emergency Order** against Defendants Philip Kaplan, DistroKid, and their associates. Time is of the essence as Defendants are actively concealing evidence and dissipating stolen royalties.

### I. BASIS FOR EMERGENCY RELIEF

1. **Irreparable Harm:** Defendants are currently siphoning royalties from **160+ stolen tracks**. Every hour of delay results in permanent financial loss to the Plaintiff.

2. **Evidence Destruction:** Recent communication from Defendants (Exhibit T) and the "37-Minute Collusion" prove that Defendants are aware of this litigation and are actively working to sabotage the Plaintiff's accounts (Exhibit S).

3. **Likelihood of Success:** Plaintiff has provided a comprehensive list of infringing URLs and an organizational map (Exhibits E & U) proving a coordinated piracy enterprise.

## II. SPECIFIC RELIEF REQUESTED

Plaintiff respectfully requests the Court to order the following IMMEDIATELY:

1. **Asset Freeze:** Freeze all royalty accounts and bank accounts controlled by **Philip Kaplan** and **PK Interactive** related to the Plaintiff's 160+ works.

2. **Transfer of Ownership (Not Termination):** Order Google/YouTube and DistroKid to **transfer administrative access** of the 15+ identified channels to the Plaintiff to preserve the "fruits of the work" and prevent further loss of performance data.

3. **Expedited Discovery:** Grant Plaintiff permission to serve immediate subpoenas to uncover the true identities of the "John Doe" associates.

## III. CONCLUSION

Without an immediate injunction and transfer of ownership, the Plaintiff's intellectual property rights will be rendered meaningless. Plaintiff prays the Court to act swiftly to prevent the total dissipation of assets.

**Date:** February 4, 2026

**Respectfully Submitted,**

*(Signature)*

**Ok-Gu Park, Plaintiff Pro Se**

**78,5f Dodang-ro 27-gil, Dobong-gu, Seoul,   01349**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

OK-GU PARK, Plaintiff,

v.

PHILIP KAPLAN, et al., Defendants.

Case No.: 1:25-cv-09818-VSB

---

## [PROPOSED] ORDER FOR EXPEDITED FORENSIC DISCOVERY AND SUBPOENA TO THIRD-PARTY PLATFORMS

**UPON THE MOTION** of Plaintiff Ok-Gu Park, and for good cause shown, it is hereby **ORDERED** that Third-Party Platforms including **Google (YouTube), Spotify, and DistroKid** shall comply with the following forensic discovery requirements:

### 1. Disclosure of Identity and Financial Records

Within seven (7) days of service of this Order, the Platforms shall disclose to the Plaintiff:

All verified identities, including Legal Names, Addresses, and Tax Identification (W-8/W-9) of the accounts associated with **Exhibit E and U**.

All linked bank account information, PayPal accounts, and payout history related to the infringing 160+ tracks.

### 2. Forensic Data and IP Access Logs

To facilitate a thorough **forensic investigation**, the Platforms are ordered to provide:

**IP Access Logs:** All login IP addresses, timestamps, and geolocation data for the past 24 months for the identified accounts.

**Device Identifiers:** MAC addresses, Device IDs, and browser fingerprints used to access the accounts to identify the specific hardware used in the piracy operation.

**Metadata Analysis:** Original upload metadata and communication logs between the Platforms and the Defendants (Philip Kaplan, Mateo Rose, etc.).

## 3. Preservation of Digital Evidence

The Platforms are strictly prohibited from allowing Defendants to delete, modify, or conceal any data related to the identified channels and accounts until further Order of this Court.

SO ORDERED.

**Date:** February 4, 2026

HON. VERNON S. BRODERICK United States District Judge

7