UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                         :

PARK OK-GU,                              :

                          Plaintiff,    :

                              :                 25-CV-9818 (VSB)

              -against-       :

                              :           **OPINION & ORDER**

DISTROKID, INC., *et al.*,        :

                              :

                   Defendants.  :

                              :
-------------------------------------------------------- X

Appearances:

Park Ok-gu
Seoul, Republic of Korea
*Pro se Plaintiff*

VERNON S. BRODERICK, United States District Judge:

      Before me is Park Ok-gu's ("Plaintiff") Emergency Motion for Temporary Restraining Order, Asset, Freeze, and Issuance of Third-Party Subpoenas, (Doc. 16 ("TRO Mot." or "TRO Motion")), Motion for Evidence Preservation and Discovery Order, (Doc. 23), and Motion for Alternative Service, (Doc. 24).  Due to the deficiencies in the complaints and the TRO Motion discussed below,[1] Plaintiff's TRO Motion is DENIED without prejudice, and this action is DISMISSED without prejudice.  Plaintiff's Motion for Evidence Preservation and Discovery Order and Motion for Alternative Service are also DENIED.

---

[1] The deficiencies described in this Opinion & Order are merely exemplars and are not meant to be an exhaustive list.  There may be other deficiencies in the TRO Motion and complaints that are not addressed in this Opinion & Order.  Accordingly, Plaintiff should review any amended pleading and motion closely to ensure not only that it adequately addresses the problems addressed in this Opinion & Order but that they otherwise satisfy pleading and legal standards as to the claims asserted and relief sought.

## I.  Factual Background & Procedural History

On November 22, 2025, Plaintiff initiated this case against DistroKid, Inc. ("DistroKid"), YouTube LLC ("YouTube"), and Spotify USA Inc. ("Spotify").  (Doc. 1 ("Compl.").)  The initial complaint was one paragraph and read, in its entirety:  "This complaint alleges large-scale copyright infringement, unauthorized distribution, monetization, and evidence tampering involving plaintiff's original music works.  Plaintiff created original tracks via Suno AI on 2024-07-30 and distributed through DistroKid.  Unauthorized parties uploaded identical works before or after distribution, generating revenue.  Platforms later removed content, confirming infringement patterns.  Plaintiff seeks damages, injunctive relief, discovery, and Marshal service."  (*Id.*)

On December 28, 2025, Plaintiff filed a two-page First Amended Complaint against PK Interactive LLC ("PK Interactive"), DistroKid, and John Does 1-50.  (Doc. 5 ("FAC").)  The FAC simply lists the residence of Plaintiff, PK Interactive, and DistoKid, noting that the two defendants are Delaware LLCs, DistroKid's registered agent is in Delaware, and PK Interactive LLC's registered agent is in Illinois.  (*Id.* ¶¶ 2–3.)

On January 22, 2026, Plaintiff filed an emergency motion for a temporary restraining order seeking:  (1) an "[i]mmediate asset freeze on all royalty accounts held by DistroKid and PK Interact[ive] related to Plaintiff's 2,000+ track catalog"; (2) the "[i]mmediate return of all YouTube Content ID rights from Defendants to Plaintiff"; and (3) the "[a]uthorization to serve subpoenas on Google (YouTube) and Spotify for uploader identity and payment records."  (*See* TRO Mot. ¶ 1.)  Plaintiff asserts that four of his original tracks were modified into seventeen

unauthorized versions.[2]  (*Id.* ¶ 2.)  Plaintiff asserts that "[w]ithout an immediate freeze, the

Defendants—specifically PK Interact[ive] and its affiliates—will transfer the laundered royalties

out of the Court's jurisdiction, leaving Plaintiff with no recourse."  (*Id.* ¶ 4.)

On February 2, 2026, I issued an order setting an initial telephonic conference for

February 13, 2026 and advised that "[t]he parties shall be prepared to discuss the Fed. R. Civ. P.

65(b)(1), irreparable harm, venue, and personal jurisdiction."  (Doc. 19.)

On February 4, 2026, Plaintiff filed a Second Amended Complaint against Philip Kaplan

(CEO of DistroKid), DistroKid, and PK Interactive.  (Doc. 20 ("SAC").)  The SAC does not

state the citizenship of Mr. Kaplan.  The SAC also lists "Google (YouTube)" and "Spotify" as

"Third-Party Platforms that host the infringing content distributed by the Defendants," but does

not otherwise identify Google, YouTube, or Spotify as defendants, (*id.* ¶ 6), including in the

caption.

On February 13, 2026, I held an initial telephonic conference to discuss several

deficiencies in the complaints and TRO Motion.  Plaintiff appeared pro se, along with an

interpreter.  Counsel for PK Interactive, Philip Kaplan, DistroKid, and Spotify[3] appeared as well

and indicated that those defendants have not been served yet with the TRO Motion and

complaints.  During the initial telephonic conference, I noted that I would issue a written order

regarding several deficiencies in the complaints and TRO Motion.

On February 18, 2026, Plaintiff filed an "EMERGENCY Motion for Evidence

Preservation and Discovery Order," (Doc. 23), and a letter motion seeking leave to serve

---

[2] Plaintiff does not identify the specific works that he claims to have been infringed in the initial complaint or the amended complaint.  However, in the exhibits to his TRO Motion, Plaintiff appears to identify four original tracks.  (*See* Doc. 16-1.)

[3] Counsel from Ritholz Levy Fields LLP indicated on the February 13, 2026 telephonic conference that she represents PK Interactive, Philip Kaplan, DistroKid, and Spotify and was appearing for a limited purpose in light of my order at Doc. 19, but has not yet filed a notice of appearance on the docket.

defendants through alternative means, (Doc. 24).

## II.    **Legal Standards**

### A.  *Rule 8(a)*

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," Plaintiff must nonetheless plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Rule 8 reflects the principle that a pleading should "give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). A court has the authority to strike portions of the complaint that are redundant or immaterial, or in certain circumstances where "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id*. A court may dismiss the complaint entirely on its own initiative. *Id.* "Failure to comply with Rule 8(a) may result in dismissal of a complaint, even if the pleader is proceeding pro se." *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir. 1995).

### B.  *Motion for Alternative Service*

Federal Rule of Civil Procedure 4(e) governs service of an individual within the United States. Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." "In the State of New York, sections 308, 311, and 311-a of the New York Civil Practice Law and Rules ('CPLR') govern service of process on natural persons, corporations, and limited liability

companies, respectively." *AP MA Funding LLC v. Caps Plantation LLC*, No. 25-CV-06934, 2025 WL 3638731, at *2 (S.D.N.Y. Dec. 16, 2025).

Service of process upon natural persons in New York is governed by CPLR § 308(1), (2), and (4), which requires service "by personal delivery, delivery and mailing, and nailing and mailing, respectively." *Shim v. Luxury Asset Cap., LLC*, No. 24-CV-09738, 2025 WL 3039958, at *1 (S.D.N.Y. Oct. 31, 2025) (internal quotation marks omitted). It is only when these methods of service are "impracticable" that a party may effectuate service through alternative means, including email, under CPLR § 308(5). *Id.* (internal quotation marks omitted).

Service of process upon a corporation in New York is governed by CPLR § 311(a), which permits service on "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service.'" CPLR § 311(a)(1). "If the foreign corporation is authorized to do business in New York, a plaintiff may alternatively effect service by delivering or electronically submitting the summons to the Secretary of State." *AP MA Funding LLC*, 2025 WL 3638731, at *2. "Like section 308(5), section 311(b) provides that a court may permit alternative service on a corporation if service via the statutorily defined methods is 'impracticable.'" *Id.* (citing CPLR § 311(b)).

Finally, service of process upon a limited liability company in New York is governed by CPLR § 311-a, which permits service by personally serving a member, manager, agent, or any other person designated by the limited liability company to receive process. CPLR § 311-a. "[T]he Limited Liability Company Law provides that authorized and nonauthorized foreign limited liability companies may be served via the Secretary of State, in accordance with procedures that mirror the requirements set forth above with respect to corporations." *AP MA Funding LLC*, 2025 WL 3638731, at *3 (citing N.Y. L.L.C. L. §§ 303–304). Like CPLR §

308(5) for natural persons and CPLR § 311(b) for corporations, § 311-a(b) provides that a court may permit alternative service on a limited liability company if service via the statutorily defined methods is "impracticable." *See* CPLR § 311-a(b).

"The meaning of 'impracticable' will depend upon the facts and circumstances of the particular case." *Ortiz v. Green Bull, Inc.*, No. 10-CV-3747, 2011 WL 5553834, at *2 (E.D.N.Y. Nov. 14, 2011) (internal quotation marks omitted). "Although the impracticability standard is not capable of easy definition, in general, a plaintiff must make some showing that the other prescribed methods of service could not be made." *Avail 1 LLC v. Kalsi*, No. 23-CV-1641, 2023 WL 7297214, at *2 (S.D.N.Y. Nov. 6, 2023) (internal quotation marks and citation omitted); *see also Silverman v. Sito Mktg. LLC*, No. 14-CV-3932, 2015 WL 13651281, at *4 (E.D.N.Y. Mar. 9, 2015) ("While . . . it is not necessary to make a showing of due diligence or of actual prior attempts to serve a party under the other provisions of the statute . . . the party moving for authorization to effect service by a method not prescribed by statute must make some showing that other prescribed methods of service could not be made." (internal quotation marks omitted)).

### C.  *Temporary Restraining Order*

"The purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (quoting *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n, PAA Chapter, AFL-CIO*, 306 F.2d 840, 842 (2d Cir. 1962)). "A temporary restraining order 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Stringer v. Simon & Schuster, Inc.*, No. 25-CV-0670, 2025 WL 1916136, at *1 (S.D.N.Y. June 20, 2025) (quoting *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005)).

6

"In the Second Circuit, the same legal standard governs the issuance of preliminary injunctions and temporary restraining orders." *Mahmood v. Nielsen*, 312 F. Supp. 3d 417, 421 (S.D.N.Y. 2018).  In order to obtain either a preliminary injunction or temporary restraining order, "a moving party must show four elements:  (1) likelihood of success on the merits; (2) likelihood that the moving party will suffer irreparable harm if a preliminary injunction [or TRO] is not granted; (3) that the balance of hardships tips in the moving party's favor; and (4) that the public interest is not disserved by relief." *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (summary order) (citing *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010)).  Of those factors, irreparable harm is the most important, for if there is no finding of irreparable harm, an injunction cannot issue.  *See USA Recycling, Inc. v. Town of Babylon*, 66 F.3d 1272, 1294–95 (2d Cir. 1995).  "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted).  "[I]f a party fails to show irreparable harm, a court need not even address the remaining elements." *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 221 (S.D.N.Y. 2019).

### III.    Discussion

#### A. *Complaints*

##### 1.  Amending Complaint

Federal Rule of Civil Procedure 15(a)(1) provides that a plaintiff may amend its pleading once as a matter of course either (a) "21 days after serving it, or" (b) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21

days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In all other cases, Federal Rule Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."

The FAC was amended before Plaintiff served any of the defendants, and the SAC was filed without the opposing party's consent or me granting leave,[4] as Fed. R. Civ. P. 15(a)(2) requires. Nonetheless, as I indicate below, given Plaintiff's pro se status, I will grant him leave to amend his complaint a third time. *See infra* Part IV.

### 2. Copyright Registration

To establish a claim for copyright infringement, "a plaintiff must allege both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (internal quotation marks omitted). "The registration of a plaintiff's copyright with the United States Copyright Office is not required for a work to obtain copyright protection. Nevertheless, preregistration or registration of a copyright with the United States Copyright Office is a precondition for bringing a copyright infringement action in federal court." *Brown v. Google*, No. 24-CV-7018, 2025 WL 2855341, at *5 (S.D.N.Y. Oct. 8, 2025) (citation omitted). The Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); *see also In re Indu Craft, Inc.*, 749 F.3d 107, 113 n.9 (2d Cir. 2014)

---

[4] "As a general rule, an amended complaint supersedes the original complaint. Once a plaintiff files an amended complaint, any prior complaints no longer serve any function in the case." *Felix v. Gotham Real Est. Corp.*, No. 12-CV-4559, 2012 WL 4563097, at *5 (E.D.N.Y. Oct. 2, 2012). "Each time Plaintiff filed an amended complaint, that complaint became the operative pleading, thereby superseding the claims asserted in the prior complaints." *Starke v. Fuentes*, No. 25-CV-3108, 2025 WL 1652123, at *4 (S.D.N.Y. May 8, 2025). Thus, if Plaintiff amends his complaint a third time, Plaintiff should include all defendants and causes of action against each defendant in the Third Amended Complaint.

("[T]he Copyright Act's registration requirement . . . serves as a precondition to filing a copyright infringement claim.") (citing *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 158 (2010) (noting that the Copyright Act "establishes a condition—copyright registration—that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the [Copyright] Act's remedial provisions")); *McKenzie v. Big Apple Training Inc.*, No. 22-CV-9554, 2023 WL 4866041, at *9 (S.D.N.Y. July 31, 2023) ("Absent exceptions not relevant here, '[b]efore pursuing an infringement claim in court,' a copyright claimant 'must comply with [17 U.S.C.] § 411(a)'s requirement that 'registration of the copyright claim has been made.'" (quoting *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) and 17 U.S.C. § 411(a))).

Although Plaintiff attaches an exhibit to his TRO Motion which appears to identify his original tracks, (Doc. 16-1 at 1), "Plaintiff alleges nothing to suggest that he owns any copyright to his song[s] that [are] preregistered or registered with the United States Copyright Office. It is also unclear from Plaintiff's complaint[s] and [TRO Motion] whether [all] of the defendants allegedly infringed on any preregistered or registered copyright that Plaintiff may own, and, if so, how they did so." *Partridge v. Authentic Brands Grp., LLC*, No. 24-CV-8742, 2025 WL 3753935, at *3 (S.D.N.Y. Dec. 29, 2025). I therefore dismiss Plaintiff's claim of copyright infringement for failing to provide a short and plain statement of the claim under Rule 8. Nonetheless, given Plaintiff's pro se status, I will grant him leave to amend his complaint a third time. *See infra* Part IV.

### 3. Venue and Personal Jurisdiction

This action is also dismissed for lack of venue. None of Plaintiff's complaints sufficiently establish why venue is proper in the Southern District of New York under 28 U.S.C.

§ 1391(b).  The three locations where venue exists in a civil case are:  "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.  28 U.S.C. § 1391(c)(1), (2).

Plaintiff fails to adequately allege that venue is proper in this District.  First, Plaintiff has not asserted that any defendant resides in the Southern District of New York.  28 U.S.C. § 1391(b)(1).  The FAC states that DistroKid is a Delaware limited liability company with a registered agent in Delaware and PK Interactive is a Delaware limited liability company with an Illinois registered agent.  (FAC ¶¶ 1–3.)  Plaintiff requested the issuance of a summons for DistroKid, YouTube, and Spotify and listed three New York addresses: "DistroKid Inc., 401 Broadway Suite 1600, New York NY 10013 YouTube LLC, 1600 Amphitheatre Pkwy, Mountain View CA 94043 Spotify USA Inc., 45 W 18th St 7F, New York NY 10011."  (Doc. 1-1.)  However, Plaintiff does not specify where, for venue purposes, any of the defendants reside. 28 U.S.C. § 1391(b)(1).

Second, Plaintiff does not allege that "a substantial part of the events"—namely, the harms that defendants specifically inflicted on Plaintiff in infringing on any copyright—"giving rise to the claim occurred" in this District.  28 U.S.C. § 1391(b)(2).  Plaintiff asserts that

"[v]enue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Defendants conduct substantial business within the Southern District of New York and the causes of action arose in part within this District." (SAC ¶ 2.) However, there are no allegations in any of the complaints or attached exhibits that any the defendants' allegedly infringing actions occurred in the Southern District of New York.

Third, Plaintiff does not even attempt to allege facts in his complaints that sufficiently demonstrate personal jurisdiction. *See* 28 U.S.C. § 1391(b)(3). Courts employ a two-step analysis in determining if personal jurisdiction exists. *Beskrone v. Berlin*, 656 F. Supp. 3d 496, 506 (S.D.N.Y. 2023). In the first step, there must be a statutory basis for asserting personal jurisdiction over each defendant based on a state's long-arm statute. *Id.* (citing 31 U.S.C. § 3732(a); *Eades v. Kennedy, PC L. Offs.*, 799 F.3d 161, 168 (2d Cir. 2015)). "In diversity or federal question cases the court must look first to the long-arm statute of the forum state, in this instance, New York. If the exercise of jurisdiction is appropriate under that statute, the court then must decide whether such exercise comports with the requisites of due process." *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997) (internal citation omitted). "Pursuant to N.Y. C.P.L.R. § 301, a defendant is subject to personal jurisdiction if he is domiciled in New York, served with process in New York, or continuously and systematically does business in New York. In addition, a defendant may be subject to New York's long-arm statute, N.Y. C.P.L.R. § 302, if he engages in the following acts either in person or through an agent and such acts relate to an asserted claim: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; (2) commits a tortious act within the state; (3) commits a tortious act outside the state but injuries [sic] a person or property in the state; or (4) owns, uses, or possesses any real property in the state." *Kim v. Chung Sook Lee*, No. 18-CV-12230, 2019 WL

11

4688692, at *3 (S.D.N.Y. Sept. 24, 2019) (internal citation omitted). Although the FAC states that DistroKid is a Delaware limited liability company with a registered agent in Delaware and PK Interactive is a Delaware limited liability company with an Illinois registered agent, nothing in any of the complaints suggests that DistroKid or PK Interactive are subject to personal jurisdiction in this District, such as alleging that the defendants "are domiciled in New York or continuously and systematically do business in New York" or "are subject to New York's long-arm statute." *Id*.

I therefore dismiss the action, but I grant Plaintiff leave to amend his complaint a third time. *See infra* Part IV.

### B. *Local Rule 7.1*

Plaintiff's TRO Motion, (Doc. 16), Motion for Evidence Preservation and Discovery Order, (Doc. 23), and Motion for Alternative Service (Doc. 24), fail to comply with Local Rule 7.1(a) which requires, among other things, (1) "[a] notice of motion, or an order to show cause signed by the court," (2) "[a] memorandum of law, setting forth the cases and other authorities relied on in support of the motion, and divided, under appropriate headings," and (3) "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." Loc. R. 7.1(a). The TRO Motion, Motion for Evidence Preservation and Discovery Order, and Motion for Alternative Service did not include a notice of motion, memorandum of law citing any cases, or a supporting affidavit. "A moving party's failure to comply with Local Rule 7.1 is sufficient grounds to deny a motion." *Anora v. Oasis Pro. Mgmt. Grp., Ltd.*, No. 19-CV-11732, 2023 WL 2307180, at *2 (S.D.N.Y. Mar. 1, 2023) (quoting *Anhui Konka Green Lighting Co., LTD. v. Green Logic LED Elec. Supply, Inc.*, No. 18-CV-12255, 2021 WL 621205, at *1 (S.D.N.Y. Feb. 17, 2021)).

Notwithstanding Plaintiff's failure to comply with Local Rule 7.1, I reviewed the TRO Motion, Motion for Evidence Preservation and Discovery Order, and Motion for Alternative Service thoroughly and considered the claims asserted therein in the light most favorable to Plaintiff as a pro se litigant.

### C. *Motion for Evidence Preservation and Discovery Order*

Plaintiff filed a motion seeking an order that defendants preserve documents and disclose certain data and records. (*See* Doc. 23, Doc. 23-1.) "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001). "Parties to a lawsuit are duty bound to preserve relevant material, including electronically stored information ('ESI'), in anticipation of and during litigation under the Federal Rules of Civil Procedure. Therefore, an order from the Court directing a party to preserve evidence is not typically asked for or even needed." *Tyler v. Peterson*, No. 20-CV-06186, 2022 WL 11629009, at *3 (E.D.N.Y. Oct. 20, 2022) (internal citation omitted); *see also* Fed. R. Civ. P. 37(e). "Different courts have applied various standards in determining whether to enter a preservation order . . . but, at a minimum, the party seeking a preservation order must demonstrate that the evidence is in some danger of being destroyed absent a court order." *Tyler*, 2022 WL 11629009, at *3 (internal quotation marks omitted).

Plaintiff states that the defendants have ignored his communications regarding alleged misappropriation since November 2025 "and critical evidence is now at risk of being permanently destroyed." (Doc. 23 at 1.) Plaintiff also asserts that the International Standard Recording Code, a standard code for identifying unique sound recordings, "associated with [his] works are no longer searchable in global databases" which "indicates that Defendants or the

infringers have recently deleted or withdrawn the data to hide the fraud." (*Id.* at 2.)  Further, Plaintiff asserts that "[b]ecause Defendants have ignored [his] emails for months while simultaneously allowing records to disappear, a Court order is urgently needed to secure the internal server logs and financial data before they are erased." (*Id.*)  Plaintiff has offered nothing more than his belief that "data," "internal server logs[,] and financial data" are in danger of being destroyed because the defendants have not responded to his emails and International Standard Recording Code associated with his tracks are no longer searchable in global databases. (*See* Doc. 23.)  Plaintiff has not presented any evidence that defendants did or will destroy evidence or that the evidence is otherwise at risk of destruction. *See Tyler*, 2022 WL 11629009, at \*3 (denying a motion for a preservation order because the "Plaintiff has not made a proffer of evidence, apart from simply his belief that video footage will be deleted in order to 'protect the staff' at the facility, that the requested footage is in danger of being deleted"); *Hyers v. Martuscello*, No. 24-CV-00962, 2025 WL 406732, at \*5 (N.D.N.Y. Feb. 5, 2025) (denying a motion for a preservation order because the plaintiff's counsel had "not made a sufficient showing that relevant evidence . . . is in danger of being destroyed, and indeed proffered no proof in support apart from somewhat speculative assertions that [defendants] engaged in conduct . . . that raises spoliation concerns").  Moreover, "Defendants have an affirmative obligation to ensure that any relevant evidence . . . is not destroyed and that obligation exists independent of a preservation order." *Micolo v. Fuller*, No. 15-CV-6374, 2016 WL 158591, at \*1 (W.D.N.Y. Jan. 13, 2016).  Defendants are likely aware that they are parties to a pending litigation because counsel from Ritholz Levy Fields LLP joined the February 13, 2026 telephonic conference and indicated that she represents PK Interactive, Philip Kaplan, DistroKid, and Spotify.  "Indeed, anyone who anticipates being a party or is a party to a lawsuit must not destroy

unique, relevant evidence that might be useful to an adversary." *Tyler*, 2022 WL 11629009, at

*3 (internal quotation marks omitted).  Furthermore, I retain "the power to sanction parties that

fail to preserve evidence related to litigation or the possibility of litigation," even in the absence

of a preservation order.  *Micolo*, 2016 WL 158591, at *2; *see also Yu Chen v. LW Rest., Inc.*, No.

10-CV-200, 2011 WL 3420433, at *8 (E.D.N.Y. Aug. 3, 2011) ("[C]ourts in this circuit have

further held that even where no explicit discovery order has been issued, the court has the

inherent power to preserve the integrity of judicial proceedings by, among other things, imposing

sanctions for spoliation." (collecting cases)).

Accordingly, Plaintiff's motion for a preservation order is DENIED.

### D. *Motion for Alternative Service*

Plaintiff filed a one-page letter motion seeking leave to serve defendants by alternative

means, requesting that I allow him to serve defendants by email address or order that defendants'

counsel, who appeared at the February 13 telephonic conference, file a notice of appearance on

the docket.  (*See* Doc. 24.)  Plaintiff fails to make the requisite showing of impracticability to

warrant leave for alternative service because Plaintiff does not demonstrate why the traditional

methods of service could not be made; instead Plaintiff states that he is "currently living in

Korea" and "[h]anding over documents to defendants in the United States in Korea is too

difficult and expensive for an ordinary person like [him]," (*id.*).  Plaintiff does not argue

impracticability, and merely requests alternative service because he has "a lot of difficulties in

going through legal proceedings on [his] own." (*Id.*)  However, simply asserting that service is

"difficult and expensive" is insufficient to meet the impracticability standard.  Plaintiff has not

detailed what steps he has taken to effect service pursuant to the prescribed methods or why such

steps were impracticable.  *See AP MA Funding LLC*, 2025 WL 3638731, at *3 (denying a motion

15

for alternative service because "[n]owhere does Plaintiff offer a reason why the ordinary means of service are impracticable" or make a "showing that it conducted diligent searches for relevant addresses or that Defendants have been evading service"). Thus, Plaintiff's request to serve defendants through email fails.

### E. *Temporary Restraining Order*

#### 1. Irreparable Harm

Plaintiff's request for a temporary restraining order is denied for failure to show irreparable harm, which is defined as "injury for which a monetary award cannot be adequate compensation." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). Plaintiff's TRO Motion contains generalized references of irreparable harm because "[w]ithout an immediate freeze, the Defendants—specifically PK Interact[ive] and its affiliates—will transfer the laundered royalties out of the Court's jurisdiction, leaving Plaintiff with no recourse," (TRO Mot. 1), but Plaintiff does not explain why he believes that any of the defendants "will transfer the laundered royalties out of the Court's jurisdiction," or why that would "leav[e] Plaintiff with no recourse," (*id.*). Plaintiff fails to point to what kind of specific, actual irreparable harm he is suffering as a result of any of the defendants' alleged conduct, such as consumer confusion or loss of reputation and goodwill, to warrant a temporary restraining order. Moreover, beyond Plaintiff's conclusory statement, Plaintiff fails to explain why monetary damages would not suffice to remedy any alleged harm.

#### 2. Likelihood of Success on the Merits

Given the deficiencies discussed above, Plaintiff cannot demonstrate a likelihood of success on the merits. Where a party seeks to "alter, rather than maintain, the status quo," the movant "must show a 'clear' or 'substantial' likelihood of success." *Sunward Elecs., Inc. v.*

16

*McDonald*, 362 F.3d 17, 24 (2d Cir. 2004) (quoting *Tom Doherty Assoc., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 34 (2d Cir. 1995)).  The complaints do not contain sufficient factual allegations to make this showing because Plaintiff has not adequately alleged that he satisfied the precondition of copyright preregistration or registration or how all of the defendants allegedly infringed any preregistered or registered copyrights that Plaintiff owns.  *See supra* Part II.A.2.

## IV.    Conclusion

This action is DISMISSED for the reasons set forth above.  However, in light of Plaintiff's pro se status, I am granting Plaintiff leave to amend the complaint for a third time within 30 days of this Opinion & Order.  Plaintiff's third amended complaint must be titled "Third Amended Complaint"[5] and Plaintiff may replead his claim as stated above, including pleading facts related to his claim of copyright infringement by providing "facts showing that: (1) he owns a copyright for the work that is the basis for his federal law claims of copyright infringement; (2) the copyright is preregistered or registered with the United States Copyright Office," including identifying information or attaching documentation showing ownership of such registration; "and (3) the defendant[s] named in the [third] amended complaint infringed upon that copyright." *Partridge*, 2025 WL 3753935, at *3.  Plaintiff should also clarify why venue is proper in the Southern District of New York and whether I have personal jurisdiction over the defendants.

Plaintiff's Motion for Evidence Preservation and Discovery Order, (Doc. 23), is DENIED without prejudice.

---

[5] "Many of the documents that Plaintiff has attached to his submissions are in Korean, and the Court is therefore unable to review them.  Although this Court's local rules do not prohibit submission of pleadings in a foreign language, it is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English.  Documents not in English must be accompanied by an English translation." *Kim*, 2019 WL 4688692, at *2 (internal quotation marks and citations omitted and alterations adopted).  Accordingly, Plaintiff shall provide English translations for any documents that are not in English.

Plaintiff's Motion for Alternative Service, (Doc. 24), is DENIED without prejudice. Plaintiff shall request the issuance of summonses for his Third Amended Complaint and serve defendants or file a letter on the docket updating me as to his efforts to do so and, if appropriate, request an extension of time to complete service. If Plaintiff wishes, he may also renew his request to serve defendants with the Third Amended Complaint by alternative means, provided that Plaintiff can make the requisite showing of diligence in his attempts to serve defendants or impracticability.

Plaintiff's TRO Motion, (Doc. 16), is DENIED without prejudice for the reasons stated above. Plaintiff may file a revised motion seeking a temporary restraining order, after filing a Third Amended Complaint, which should address the deficiencies described in this Opinion & Order and any other deficiencies Plaintiff notes. If Plaintiff files a revised motion seeking a temporary restraining order, that motion shall comply with Local Rule 7.1.

Plaintiff may wish to contact the legal clinic in this judicial district to receive limited-scope assistance, by completing a retainer and intake form to the City Bar Justice Center's Federal Pro Se Legal Assistance Project. Plaintiff may find more information online at https://nysd.uscourts.gov/attorney/legal-assistance and https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

The Clerk of Court is respectfully directed to terminate Docs. 16, 23, and 24.

If Plaintiff does not file a Third Amended Complaint within the time allowed, I will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this Opinion & Order. I respectfully direct the Clerk of Court to hold this matter open on the docket until a judgment is entered.

SO ORDERED.

Dated: March 4, 2026
        New York, New York

_____
Vernon S. Broderick
United States District Judge