UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                          :

PARK OK-GU,                       :

                  :

           Plaintiff,    :

                  :                 25-CV-9818 (VSB)

        -against-       :

                  :                       **<u>ORDER</u>**

DISTROKID, INC., *et al.*,         :

                  :

          Defendants.   :
------------------------------------------------------------ X

VERNON S. BRODERICK, <u>United States District Judge</u>:

       Before me is Plaintiff's Park Ok-Gu ("Plaintiff") Third Amended Complaint, (Doc. 30

("TAC")), and Proposed Order "for immediate revenue freeze (TRO), evidence preservation, and

expedited discovery," (Doc. 30-2 (capitalization altered)), dated March 30, 2026.  On March 4,

2026, I issued an Opinion & Order, (Doc. 26), which, among other things, denied Plaintiff's

previous motion for a temporary restraining order, (Doc. 16), and granted Plaintiff leave to file a

Third Amended Complaint, (Doc. 26 at 17–18).  My March 4 Opinion & Order stated that the

Third Amended Complaint should provide "'facts showing that: (1) [Plaintiff] owns a copyright

for the work that is the basis for his federal law claims of copyright infringement; (2) the

copyright is preregistered or registered with the United States Copyright Office,' including

identifying information or attaching documentation showing ownership of such registration; 'and

(3) the defendant[s] named in the [third] amended complaint infringed upon that copyright.'"

(Doc. 26 at 17 (quoting *Partridge v. Authentic Brands Grp., LLC*, No. 24-CV-8742, 2025 WL

3753935, at *3 (S.D.N.Y. Dec. 29, 2025)).)  The March 4 Opinion & Order also directed

Plaintiff to "clarify why venue is proper in the Southern District of New York and whether I

have personal jurisdiction over the defendants."  (*Id.*)

Despite the March 4 Opinion & Order, Plaintiff's Third Amended Complaint only pleads personal jurisdiction and venue as to Defendant DistroKid, and not any of the other defendants. (*See* TAC 1 ("Pursuant to Section 10 of DistroKid's Terms of Service (Exhibit A), Defendants have irrevocably consented to the exclusive jurisdiction of the courts located in New York County, New York.").)  Regarding whether the alleged copyright is preregistered or registered with the United States Copyright Office, the Third Amended Complaint merely asserts: "Registration: Official registration applications with the Korea Copyright Commission (KCC) and the U.S. Copyright Office (USCO) are attached as Exhibit B."  (*Id.* at 2.)  Exhibit B to the Third Amended Complaint, (Doc. 30-1 at 3–4), provides a screenshot indicating that Plaintiff's copyright applications submitted to the Korea Copyright Commission are under review, (*id.* at 3), and a screenshot of a proof of payment, which Plaintiff asserts is an "[o]fficial filing receipt and pending status confirmation from the United States Copyright Office," (*id.* at 4).  However, these screenshots do not indicate that Plaintiff in fact owns a copyright for the work that is the basis of the Third Amended Complaint, or that the copyright at issue is preregistered or registered with the United States Copyright Office, as I required be included in the Third Amended Complaint, (Doc. 26 at 17).

Accordingly, it is hereby:

ORDERED that Plaintiff shall file a declaration by **April 27, 2026**: (1) explaining why venue is proper in the Southern District of New York and whether I have personal jurisdiction over all of the defendants; (2) provide facts showing that he owns a copyright for the work that is the basis for his federal law claims of copyright infringement; and (3) provide facts showing that the copyright is in fact preregistered or registered with the United States Copyright Office, including identifying information or attaching documentation showing ownership of such

2

registration.

IT IS FURTHER ORDERED that Plaintiff's Proposed Temporary Restraining Order is DENIED, for the same reasons asserted in my previous Opinion & Order, (Doc. 26 at 12–13, 16–17.)  Plaintiff's Proposed Temporary Restraining Order still fails to comply with Local Rule 7.1(a), adequately assert specific, irreparable harm, explain why monetary damages would not suffice to remedy any alleged harm, and fails to demonstrate a likelihood of success on the merits due to the deficiencies noted in the March 4, 2026 Opinion & Order, (Doc. 26), which were not cured by the Third Amended Complaint, as well as the deficiencies noted herein.

SO ORDERED.
Dated:  April 10, 2026
        New York, New York

Vernon S. Broderick
United States District Judge