# United States District Court,

# Southern District of New York

Case No: 1:25-cv-09818-VSB

Plaintiff: OK-GU PARK v.

Defendants: DISTROKID (PRACTICAL MUSICA, INC.), PK INTERACTIVE LLC, and DOES 1-10.

[CAUSES OF ACTION]

Willful Copyright Infringement (17 U.S.C. § 501)

Civil RICO (18 U.S.C. § 1962)

Wire Fraud (18 U.S.C. § 1343)

Deceptive Trade Practices & Fraudulent Misrepresentation

Breach of Contract & Breach of Implied Covenant of Good Faith

Intentional Spoliation of Evidence

## 1.PREAMBLE: COMPLIANCE WITH COURT ORDER (ECF NO. 38)

Plaintiff, OK-GU PARK, appearing *pro se*, respectfully submits this Revised Third Amended Complaint in compliance with the Court's Order dated April 14, 2026. Plaintiff has dismissed Google (YouTube), Spotify, and ByteDance (TikTok) as direct defendants to focus the litigation on the primary involved parties, DISTROKID (PRACTICAL MUSICA, INC.) and PK INTERACTIVE LLC.

## II. JURISDICTION & VENUE

1

**1. Express Consent to Personal Jurisdiction:** This Court has specific personal jurisdiction over Defendant DISTROKID and its affiliates or agents, including Defendant **PK INTERACTIVE LLC**, pursuant to **Section 10(h) of the DistroKid Distribution Agreement (Exhibit A).** In said agreement, Defendants irrevocably and unconditionally consented to the **exclusive jurisdiction** of the federal and state courts located in New York for any dispute arising out of or relating to the services provided.

**2. Forum Selection and Transactional Nexus:** Defendant PK INTERACTIVE LLC, by acting in concert with or as an agent/beneficiary of DistroKid's distribution network, is bound by the forum selection clause. The fraudulent financial transmissions, unauthorized metadata deletions, and the "Phantom Revenue" scheme originated from and were processed through systems governed by the laws of this District.

**3. Venue:** Venue is proper in the Southern District of New York under **28 U.S.C. § 1391**, as a substantial part of the events or omissions giving rise to the claims—specifically the electronic wire fraud and the breach of the New York–governed Distribution Agreement—occurred within this judicial district.

**III. STANDING & OWNERSHIP (Exhibit B-1, B-2)** Plaintiff is the verified author and sole owner of the music catalog associated with Account ID: 8813629, as evidenced by:

**Exhibit B-1:** Official Registration from the Korea Copyright Commission.

**Exhibit B-2:** Formal filing and payment receipt from the U.S. Copyright Office.

**IV. STATEMENT OF FACTS: IRREGULARITIES & INVESTIGATIVE NECESSITY**

**1. Financial Reporting Discrepancies (Exhibit C series)** Defendants issued financial records that contain significant chronological irregularities. As shown in **Exhibit C**, revenue was reported for dates preceding the songs' actual creation. Such discrepancies in financial data warrant a thorough investigation into the accuracy of the Defendants' reporting systems and the potential diversion of global earnings.

**2. Inconsistencies in Content Management (Exhibit D-1, D-2)** While major platforms like YouTube and Spotify have acknowledged Plaintiff's ownership by removing infringing content (**Exhibit D**), Defendant DistroKid has maintained a contrary position. This inconsistency requires judicial review to determine the factual basis of DistroKid's refusal to restore the original catalog.

**3. Potential Spoliation of Evidence (Exhibit E, Exhibit H)** Plaintiff received "reassurance" communications from DistroKid (**Exhibit E**) advising him to disregard infringement notices. Subsequent to these communications, the entire catalog was deleted (**Exhibit H**). These events raise serious questions regarding the intentional preservation of evidence and the duty of care owed to the Plaintiff's digital assets.

**4. Disparate Communication Standards (Exhibit F series)** Evidence suggests that while Plaintiff's inquiries remained unaddressed for an extended period, Defendants engaged in rapid communication with third-party claimants within 37 minutes (**Exhibit F**). The nature and content of these communications must be disclosed through discovery to assess potential collusion.

**5. Urgent Necessity for Intervention: Risk of Asset Transfer (Exhibit G)** As documented in **Exhibit G**, reports indicate a potential multi-billion dollar sale or corporate transition of DistroKid. Plaintiff expresses grave concern that such a

3

transition poses an imminent risk of **irremediable data loss, metadata spoliation, and the destruction of critical server logs** related to Account ID: 8813629. Immediate judicial intervention is necessary to secure and preserve this evidence before any transfer of corporate control occurs.

**6. Claims under Civil RICO & Wire Fraud Theories** The cumulative evidence of financial irregularities, coordinated deletion of assets, and questionable communication patterns suggests a potential violation of the **Racketeer Influenced and Corrupt Organizations Act (Civil RICO)** and **Wire Fraud** statutes.

**7. RICO/Hijacking 3.5B views (Estella), 160K derivatives (Headlands), and 163 stolen titles.**

The scale of this hijacking is staggering: Exhibit F-3 a single work, 'Estella,' served as the genesis for channels amassing 3.5 billion views, while another work, **Exhibit F-4**'Headlands,' was exploited to generate over 160,000 derivative assets, culminating in the unauthorized creation of Exhibit F-5, 163 fraudulent titles and URLs derived from just 5 of Plaintiff's original songs."

## V. REQUESTED RELIEF (PRAYER FOR RELIEF)

Plaintiff respectfully requests that the Court grant the following relief, emphasizing that **the factual basis for restoration is already established by the parties' own admissions:**

1. **Mandatory Injunction for Immediate Catalog Restoration based on Admissions:** An immediate order requiring Defendant DistroKid to restore Plaintiff's entire catalog (Account ID: 8813629). This request is based on the following **undisputed admissions:**

4

- o **Defendant DistroKid's Admission (Jan 22, 2026):** As shown in **Exhibit F-1**, DistroKid formally acknowledged the legitimacy of Plaintiff's claim and the errors in the previous takedown.
- o **Third-Party Admissions (Nov 17, 2025):** As shown in **Exhibits D-1 and D-2**, YouTube and Spotify have already verified Plaintiff's ownership by removing the infringing content uploaded by hijackers.
- o *Legal Basis:* Since all relevant parties have already acknowledged Plaintiff's rights, there is no factual dispute preventing the immediate restoration of the status quo ante.

2. **Mandatory Evidence Preservation Order:** An immediate order compelling Defendants to preserve all original server logs and metadata, especially in light of the rumored corporate sale of DistroKid (Exhibit G), to prevent further spoliation.

3. **Authorization for Third-Party Discovery (Subpoenas):** Permission to issue subpoenas to the 23 DSPs listed in the Appendix to verify the full extent of the financial discrepancies.

4. **Compensatory and Statutory Damages:** For willful copyright infringement and breach of contract.

5. **Treble Damages (Civil RICO):** For the organized and systematic nature of the fraudulent financial reporting (Exhibit C).

6. **Damages for Intentional Infliction of Emotional Distress:** For the severe mental and professional harm caused by the bad-faith deletion of Plaintiff's life's work.

7. **Costs and Legal Fees:** Recovery of all associated litigation expenses.

**VI. CONCLUSION** Plaintiff seeks the truth through the requested data discovery to restore his rights and hold the Defendants accountable. Given the imminent risk of corporate restructuring, time is of the essence.

**Respectfully submitted,**

**OK-GU PARK**, Plaintiff Pro Se

boringgrout@naver.com / +82-10-8381-0392

Dated: April 14, 2026