UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

OK-Gu PARK, Plaintiff,

v. Case No. 1:25-cv-09818-VSB-VF

DISTROKID, LLC, and PK INTERACTIVE LLC, et al.,

Defendants.

PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY UNDER FRCP 26(d)(1)

Plaintiff OK-GU PARK, appearing pro se, respectfully moves this Court for an order authorizing expedited third-party discovery pursuant to Federal Rule of Civil Procedure 26(d)(1). Plaintiff seeks immediate leave to serve Rule 45 subpoenas on Google LLC (YouTube), TikTok Inc., Spotify USA Inc., and DistroKid, LLC to preserve and obtain critical digital evidence necessary to prevent permanent data spoliation during Defendants' ongoing bad-faith delay tactics and default.

I. BACKGROUND AND DEFENDANTS' BAD-FAITH DELAY TACTICS & EVASION

1. On June 22, 2026, Plaintiff filed the operative Fifth Amended Complaint in this matter, explicitly asserting claims for Breach of Contract, Willful Copyright Infringement, and Intentional Spoliation of Evidence.
2. As detailed in the Fifth Amended Complaint, this dispute involves a massive, systematic hijacking and unauthorized monetization of Plaintiff's entire musical catalog, which encompasses **1,800 unique tracks**. Because Plaintiff has formally asserted claims for **Willful Copyright Infringement**, Plaintiff is entitled to—and has formally sought—**statutory damages of up to $150,000 per infringed work** pursuant to 17 U.S.C. § 504(c)(2). Consequently, the total potential statutory damages at stake in this action exceed hundreds of millions of dollars ($270 million).
3. On May 4, 2026, Plaintiff attempted to serve the Summons and Complaint directly upon Defendant PK INTERACTIVE LLC at its registered address. Although initially accepted, Defendant subsequently rejected and actively evaded service of process. To overcome this evasion, Plaintiff successfully effected substitute service through the Office of the New York Secretary of State.
4. While Defendant PK INTERACTIVE LLC has completely failed to appear, file an Answer, or attend the Court's scheduled conference on June 30, 2026, the active Defendants have engaged in a highly coordinated, bad-faith strategy to stall this litigation. Specifically, Defendant's counsel, Jenna Harris, has repeatedly disrupted the schedule by **filing consecutive requests for an extension of time (two separate extensions)** under the guise of procedural necessity.
5. Coinciding with these delays, DistroKid's legal counsel, Jerry Chiang, proactively initiated settlement communications with Plaintiff, dangling a potential resolution to further stall Plaintiff's legal maneuvers. However,

immediately after Plaintiff presented legitimate and formalized financial conditions to finalize the agreement, Mr. Chiang and DistroKid completely froze, ceased all communications, and retreated into absolute tactical silence.

6. These cumulative delay tactics—Jenna Harris's double extension requests and Jerry Chiang's deceptive, dead-end settlement baiting—were never intended for genuine resolution. Instead, they were strategically deployed as a smokescreen to buy time while Defendants actively sanitized the global digital ecosystem and destroyed the smoking-gun evidence of their crimes.

## II. COMPELLING GOOD CAUSE EXISTS UNDER FRCP 26(d)(1)

Courts within the Second Circuit apply a "good cause" standard to determine whether expedited discovery is warranted under FRCP 26(d)(1). Good cause is overwhelmingly established here because Defendants have actively exploited the artificial delays they created to execute catastrophic data spoliation:

7. **Severe Spoliation of Streaming Revenue Data Hidden Behind Stalling:** Utilizing the exact window of time carved out by their extension requests and fake settlement talks, Defendants executed a catastrophic, overnight wipe of digital assets. Specifically, between April 22, 2026, and April 23, 2026, Defendants intentionally deleted over 900 infringing videos and wiped out approximately 3.45 billion streaming views within a 24-hour window to permanently alter the damages calculus and conceal the multi-billion financial scale of their conversion.
8. **Malicious Manipulation, Catalog Overwriting, and Mass Unauthorized Erasure of Metadata (Exhibits J & K):** To completely mask their illicit

revenue streams and tracking history during this engineered delay, Defendants have systematically altered, overwritten, and deactivated the international ISRC codes associated with Plaintiff's musical catalog under **DistroKid Account ID: 7387376 (See Exhibit J)**. This metadata manipulation and duplication was executed on a catastrophic scale; Defendant PK INTERACTIVE LLC has engaged in a massive, coordinated campaign involving **over 10,000 duplicated and unauthorized ISRC codes** to effectively hijack and launder the Plaintiff's entire repertoire across global databases **(See Exhibit K)**. This ongoing destruction includes altering track titles to mock Plaintiff (e.g., "Your Pain Is My Pleasure") and stripping Plaintiff's creator identity, creating an urgent, irreparable necessity for immediate third-party subpoenas to freeze the platform logs before the technical audit trails are permanently erased.

9. **Urgent Need to Quantify the 1,800-Song Catalog Damage:** Because Plaintiff's statutory damages claim rests on a per-work calculus across 1,800 tracks, immediate access to the raw backend data held by Digital Service Providers (DSPs) is critical. Without expedited subpoenas, Plaintiff cannot trace the true routing, conversion, and global distribution metrics of the remaining 1,791 tracks that Defendants have systematically suppressed and hidden from official ledgers.
10. **Irreparable Harm Due to the Volatile Nature of Digital Evidence:** Digital server logs, payout destination records, IP traffic logs, and Content ID mapping history on platforms like YouTube, TikTok, and Spotify are highly volatile. These electronic records are routinely overwritten or permanently erased by automated system maintenance. Any further delay tolerated by Defendants' bad-faith stalling will result in the permanent, irreparable loss of the exact technical data needed to establish liability and calculate damages.

Supporting technical data audit trails, platform metrics, and forensic documentation proving this continuous destruction are attached hereto and organized within the accompanying Exhibit Index.

CONCLUSION

For the foregoing reasons, Plaintiff has demonstrated compelling "Good Cause" under Rule 26(d)(1). Plaintiff respectfully requests that this Court GRANT this motion and allow the immediate issuance and service of the attached Rule 45 subpoenas on Google LLC (YouTube), TikTok Inc., Spotify USA Inc., and DistroKid, LLC.

Dated: July 10, 2026

Respectfully submitted,

By: _

OK-Gu PARK, Plaintiff Pro Se

78, 5th floor, Dodang-ro 27-gil, Dobong-gu, Seoul, South Korea

Email: boringgrout@naver.com

Tel: +82-10-8381-0392

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
Dated: July 20, 2026

Plaintiff's motion is denied for the same reasons already provided at ECF No. 87. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 89.